PROB 12
REVISED (05/90)

# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

FILED BY _ul_ D.C.

05 OCT 13 PM 5:26

**U.S.A. vs. Alfred Jenkins**           Docket No. 2:03CR20229-01

### Petition on Probation and Supervised Release

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

COMES NOW __DAWN L. BROWN__, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of __Alfred Jenkins__ who was placed on supervision the Honorable __Bernice B. Donald__ sitting in the Court at __Memphis, Tennessee__, on the __15th__ day of __January__, __2004__, who fixed the period of supervision at __four (4) years*__, and imposed the general terms and conditions theretofore adopted by the Court.

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the cost for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2. The defendant shall be prohibited from incurring new lines of credit charges, opening additional lines of credit, or making an obligation for any major purchases in excess of $500.00 without the approval of the Probation Officer.

3. The defendant shall provide the Probation Officer with access to any requested financial information.

4. The defendant shall seek and maintain lawful full-time employment.

5. The defendant shall pay restitution in the amount of $22,089.71. (Balance $ 22,089.71)

\*   **Supervised Release began on October 14, 2004.**
\*\*  **Supervision was revoked on April 26, 2005. (Sentenced to Time Served)**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a WARRANT be issued for Alfred Jenkins to appear before the United States District Court to answer charges of violation of Supervised Release.

**BOND:** _____

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered _13th_ day of _October_, _2005_ and ordered filed and made a part of the records in the above case.<br><br>_[signature]_<br>United States District Judge | Executed on: _October 11, 2005_<br><br>_[signature] Dawn L. Brown_<br>United States Probation Officer<br><br>Place: __Memphis, TN__ |

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _10-14-05_

(54)

RE:   Alfred Jenkins
      Docket Number: 2:03CR20229-01
      Page 2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**The defendant has violated the following conditions of his Supervised Release:**

**The defendant shall participate in drug treatment/testing as directed by Probation Officer.**

On June 15, 2005, Alfred Jenkins was given instructions to report to the Probation Office for random drug screening as directed. Mr. Jenkins failed to submit to five (5) drug screens between June 20 and August 1, 2005. On August 4, 2005, Mr. Jenkins was given instruction to participate in random drug screening at the Alcohol and Chemical Abuse Rehab Center (ACAR). Mr. Jenkins failed to submit to drug screening on five (5) occasions between August 13 and September 28, 2005.

**The defendant shall pay restitution in the amount of $22,089.71, at a rate of ten percent (10%) of his gross monthly income.**

To date, the defendant has made no payments towards his restitution despite being gainfully employed.

# VIOLATION WORKSHEET

1. **Defendant**   Alfred Jenkins, (2262 Gruber, Memphis, TN 38127)

2. **Docket Number (Year-Sequence-Defendant No.)**   2:03CR20229-01

3. **District/Office**   Western District of Tennessee (Memphis)

4. **Original Sentence Date**   01 / 15 / 2004
       month  day  year
   (If different than above):

5. **Original District/Office**   _____

6. **Original Docket Number (Year-Sequence-Defendant No.)**   _____

7. List each violation and determine the applicable grade {see §7B1.1}:

   | Violation(s) | Grade |
   |---|---|
   | • Failure to participate in drug treatment/testing | C |
   | • Failure to pay restitution | C |
   | • | |

8. Most Serious Grade of Violation (see §7B1.1(b))   **C**

9. Criminal History Category (see §7B1.4(a))74   **VI**

10. Range of imprisonment (see §7B1.4(a))   | 8-14   months |
    *Being originally convicted of a Class B Felony, the statutory maximum term of imprisonment is three (3) years; 18 USC §3583(e)(3).

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    { }   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    {x}   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    { }   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W
Suite   1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant**     Alfred Jenkins

12. Unsatisfied Conditions of Original Sentence

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

   Restitution ($)  __22,089.71__         Community Confinement __N/A__

   Fine ($)  __N/A__                      Home Detention __N/A__

   Other  __N/A__                         Intermittent Confinement __N/A__

13. Supervised Release

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

   Period of supervised release to be served following release from imprisonment: _____

14. Departure

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:
   _____
   _____

15. Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 54 in case 2:03-CR-20229 was distributed by fax, mail, or direct printing on October 14, 2005 to the parties listed.

---

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT